USCA1 Opinion

 

 May 3, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2276 UNITED STATES OF AMERICA, Appellee, v. FARRELL SUTHERLAND, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________  ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________  ____________________ Robert A. Levine, with whom Law Offices of Robert A. Levine was ________________ ________________________________ on brief for appellant. F. Mark Terison, Assistant United States Attorney, with whom Jay _______________ ___ P. McCloskey, United States Attorney, was on brief for appellee. ____________  ____________________  ____________________ Per Curiam. Defendant Farrell Sutherland, who entered Per Curiam. ___ ______ conditional guilty pleas to two bank robbery charges, see 18 ___ U.S.C. 2113(a), appeals the adverse suppression rulings upon which his pleas were conditioned. See Fed. R. Crim. P. 11(a)(2). ___ We affirm. Sutherland claims that the police did not have probable cause to arrest him on March 18, 1995, after stopping the taxi in which he and a female companion were traveling to Massachusetts following a bank robbery in Portland, Maine. The district court made supportable findings that: (i) the bank robbery investiga- tion had focused on the passengers in this particular taxi because bank surveillance photographs, and an eyewitness report, revealed that Sutherland had committed two bank robberies in Portland, the most recent having been at 9:00 a.m. the same morning; (ii) an ABC taxi had been dispatched to Sutherland's Portland residence around 11:00 a.m. to transport Sutherland  and a female companion suspected of assisting him in an earlier Portland bank robbery to Lynn, Massachusetts; and (iii) the Portland police had notified the Massachusetts State Police ("MSP") to stop the taxi, and provided a specific physical description of Sutherland, including items of his clothing (grey or white sweatshirt and black leather jacket), together with the information that he had obtained $2,460 in $20 bills from the bank robbery earlier that day.  Upon stopping the taxi, which contained two passengers, a male and a female, the MSP observed a black leather jacket and 2 a grey sweatshirt inside the vehicle. The male passenger matched the physical description provided by the Portland police.1  We review the district court's factual findings for clear error, see United States v. Martinez-Molina, 64 F.3d 719, ___ _____________ _______________ 726 (1st Cir. 1995), whereas its ultimate legal determination as to whether a given set of facts established probable cause is subject to plenary review, see United States v. Zapata, 18 F.3d ___ _____________ ______ 971, 975 (1st Cir. 1994). There is probable cause for a warrant- less arrest if "the facts and circumstances within [the offi- cer[s']] knowledge and of which [they] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [defendant] had committed . . . an offense." Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 349 ______ _____________________________________ (1st Cir. 1995) (some brackets in original). These findings were sufficient to support the district court's "probable cause" ruling.2  Sutherland next claims that his post-Miranda confession _______  ____________________ 1Furthermore, after the two passengers were removed from the vehicle, the female immediately consented to a search of her purse, which was found to contain $2,300 in $20 bills. As the district court considered the evidence seized from the purse in arriving at its probable cause determination, it implicitly found that the consensual search preceded Sutherland's arrest. We find no clear error. See United States v. Martinez-Molina, 64 F.3d ___ _____________ _______________ 719, 726 (1st Cir. 1995).  2Appellant vigorously insists that the search of his person which occurred at roadside, after the police pulled down his trousers to inhibit his movement, invalidated his warrantless arrest. We have been presented with no reasoned basis for concluding that a brief roadside protective search for weapons, see Terry v. Ohio, 392 U.S. 1, 26 (1968), undermined the arrest ___ _____ ____ __________ ___ ______ itself, particularly since the roadside search disclosed no ______ evidence.  3 was involuntary, since he was undergoing heroin withdrawal at the time, such that a promise the police made to provide him with methadone treatment was tantamount to coercion. An unimpeachable district court finding conclusively undermines the involuntari- ness claim. After hearing conflicting testimony as to whether Sutherland had been promised methadone treatments, the court accepted the version provided by the police. Thus, there can have been no clear error. United States v. Valle, 72 F.3d 210, _____________ _____ 214 (1st Cir. 1995) (trial judge's credibility choice between two plausible versions of the events cannot be clearly erroneous).  Affirmed. Affirmed ________ 4